IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEENAN KESTER COFIELD, #326109 | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. CCB-05-2666 |
| STATE OF MD. | * | |
| ROBERT L. EHRLICH | | |
| MARY ANN SAAR | * | |
| FRANK C. SIZER, JR. | | |
| NANCY C. ROUSE | * | |
| T. NETIX d/b/a CORRECTIONAL BILLING | | |
| SERVICES | * | |
| VERIZON | | |
| CEO, OWNERS, SHAREHOLDERS OF | * | |
| T-NETIX AND VERIZON | | |
| In their Individual and Official Capacities | * | |
| Defendants. | | |

*******

**MEMORANDUM**

On September 23, 2005, plaintiff filed the instant pro se action pursuant to 42 U.S.C. § 1983, seeking declaratory and injunctive relief, along with compensatory and punitive damages, on behalf of himself and other Division of Correction ("DOC") inmates. Because he appears to be indigent, plaintiff's motion to proceed in forma pauperis shall be granted pursuant to 28 U.S.C. § 1915(a).

Plaintiff raises questions regarding the automated telephone system used by the DOC. He complains that: (i) defendants directly charge an inmate's account or the receiver's account for any calls made that are not accepted or for calls that are at times accepted but which go directly into the receiver's voice mail or other devices; (ii) initial fees and costs of either $2.85 and/or $3.00 per call are made, depending upon the calling area; (iii) defendants do not reimburse or make adjustments for calls that make no connection with the receiver; (iv) such fees are illegal because they represent charges for services not rendered; and (v) the overcharges and restrictions have caused his phone

service to be disconnected.[1]  Paper No. 1 at 4.  Plaintiff complains that defendants' acts constitute fraudulent practices and have otherwise violate his constitutional rights.

The court observes that effective September 21, 2005, plaintiff's civil cases are subject to a pre-filing screening process and possible assignment to the inactive-unassigned case docket.  *See Cofield v. Baltimore County Police Dep't, et al.*, Civil Action No. CCB-05-2490 (D. Md. 2005). The court has examined the instant case under the aforementioned review process and shall dismiss the matter without prejudice.

42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  Plaintiff's prisoner complaint falls under the exhaustion prerequisites of § 1997e(a), and his claims must be dismissed unless he can show that he has satisfied the administrative exhaustion requirement, or that defendants have forfeited their right to raise non-exhaustion as a defense.  *See Chase v. Peay*, 286 F.Supp.2d 523, 528 (D. Md. 2003), *aff'd,* 2004 WL 1205695 (4th Cir.  June 2, 2004) (per curiam).

---

[1]  Plaintiff complains that he has been left without the ability to connect and communicate with family, friends, and courts, including "attorneys about pending court matters."  Paper No. 1 at 4.  He makes a conclusory claim that he missed deadlines.  *Id*.

Plaintiff acknowledges that he has not filed an administrative remedy regarding his claims. Paper No. 1 at 2 & 3, § II.A & B. Therefore, his action is subject to dismissal under 42 U.S.C. § 1997(e).[2] A separate Order follows dismissing this complaint without prejudice.

| | |
|---|---|
| September 29, 2005 | /s/ |
| Date | Catherine C. Blake |
| | United States District Judge |

---

[2] Even if the underlying claims were exhausted or otherwise subject to review, there is some question as to whether plaintiff's claims allege civil rights violations. At bottom, plaintiff is complaining of excessive telephone rates from the automated system and asserting that his telephone account has been depleted, restricting his communications with family, courts, and attorneys. In order for plaintiff to prevail on his claim regarding the collect call telephones he must establish that the use of this system of phones has somehow infringed on a constitutionally protected right and has caused him an injury. *See White v. White*, 886 F.2d 721, 723-24 (4th Cir. 1989).

The Supreme Court has recognized that "[p]rison walls do not form a barrier separating prison inmates from the protections of the Constitution," *Turner v. Safley*, 482 U.S. 78, 84 (1987), "nor do they bar free citizens from exercising their own constitutional rights by reaching out to those on the 'inside.' " *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989). The federal courts have accordingly held that prison inmates retain their First Amendment rights to communicate with family and friends, including reasonable access to the telephone. Unreasonable restrictions on prisoners' telephone access may violate the First and Fourteenth Amendment. *See Tucker v. Randall*, 948 F.2d 388, 391 (7th Cir. 1991).

The First Amendment's protection of communication is not, however, without restriction, due to the security problems inherent in correctional facilities. *See Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988), An inmate "has no right to unlimited telephone use." *Benzel v. Grammar*, 869 F.2d 1105, 1108 (8th Cir. 1989). Instead, the manner of telephone service to be provided to inmates is generally left to the discretion of prison officials. *See Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994) ("exact nature of telephone services to be provided inmates generally is to be determined by prison administrators, subject to court scrutiny for unreasonable restrictions") (citation omitted).

Here, it is reasonable for prisoners to only be allowed to place collect calls so that prison administrators need not be personally burdened with billing prisoners for the calls. Further, it is reasonable for prison administrators to protect the victims of crimes and members of the public from receiving phone calls from persons to whom they do not wish to speak. To the extent plaintiff is asserting a Fourteenth Amendment claim of right of access to the courts, his claim fails as currently presented because he provides no detailed information as to how he has been "hindered [in] his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U. S. 343, 351 (1996). To the extent plaintiff is complaining about the rates charged persons who accept collect calls from DOC prisoners, he lacks standing to assert a claim on their behalf. *See Inmates v. Owens*, 561 F.2d 560, 562-63 (4th Cir. 1977).